UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jose Carlos Salazar, | ) | Civil Action No.: 0:17-cv-02467-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| United States of America, | ) | |
| Respondent. | ) | |

Petitioner Jose Carlos Salazar, proceeding pro se, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF Nos. 1 & 4. Respondent has filed a motion for summary judgment. *See* ECF No. 19. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett.[1] *See* ECF No. 27. The Magistrate Judge recommends that the Court dismiss this action with prejudice for lack of prosecution. R & R at p. 2.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

Neither party has filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability. *See, e.g.*, *Garvin v. Wright*, 583 F. App'x 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529

---

[2] Petitioner's objections to the R & R were due by March 9, 2018. *See* ECF Nos. 27 & 28. On March 2, 2018, the envelope containing the R & R was returned as undeliverable. *See* ECF No. 29-1. Significantly, the online records of the Federal Bureau of Prisons ("BOP") indicate Petitioner was released on January 26, 2018. *See* BOP Inmate Locator, https://www.bop.gov/mobile/find_inmate/ (accessed on March 14, 2018) (search for Petitioner's inmate number "48764-177"); *see, e.g.*, *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (citing the BOP Inmate Locator). Petitioner was also sentenced to two years of supervised release upon release from imprisonment, *see* ECF No. 19 at p. 2; *United States v. Jose Carlos Salazar*, Crim. No. 3:14-cr-00411-D, at ECF No. 26 (N.D. Tex.) (Petitioner's criminal judgment), and therefore his § 2241 petition does not appear to be moot.

2

U.S. at 484–85. Here, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

Having thoroughly reviewed the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 27].[3] Accordingly, the Court **DENIES AND DISMISSES** this action *with prejudice* for lack of prosecution. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Respondent's motion for summary judgment [ECF No. 19] is **MOOT**.

**IT IS SO ORDERED.**

Florence, South Carolina  
March 16, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] The R & R mistakenly states Petitioner filed this action pursuant to 28 U.S.C. **§ 2254**, *see* R & R at p. 1, but he (a federal prisoner at the time of filing) actually filed it pursuant to 28 U.S.C. **§ 2241**. *See* ECF No. 1. The Court modifies the R & R to reflect this fact.